UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J. LEVITAN,

    Plaintiff,

v.                          Case No. 3:12cv117/MCR/CJK

DAVID MORGAN, et al.,

    Defendants.
_____/

ORDER and
REPORT AND RECOMMENDATION

    This prisoner civil rights case is before the court upon defendants Alford, Champagne, and Dickey's motion to dismiss (doc. 105) plaintiff's fifth amended complaint (doc. 58). Plaintiff has responded in opposition to the motion. (Doc. 120). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the undersigned concludes the defendants' motion to dismiss should be granted.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a fifth amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 58). The complaint names as defendants Escambia County Sheriff David Morgan and five unknown deputies and/or employees of the Escambia County Sheriff's Office ("ECSO"). (*Id.*). Plaintiff later moved to join Larry Aiken, Fred Alford, Gerald Champagne, and Darlene Dickey as defendants in place of the five unknown ECSO deputies and or/employees. (Doc. 63). The motion was granted; Aiken, Alford, Champagne, and

Dickey thus were added as named defendants. (Doc. 65). At the time of the alleged misconduct, Alford was the Officer in Charge of Court Security for the ECSO and Champagne and Dickey were attorneys with the ECSO. All defendants are sued in both their official and individual capacities. (Doc. 58, ¶ 16).[1]

Plaintiff claims the defendants violated his rights under the Sixth and Fourteenth Amendments to the United States Constitution and under Art. 1 § 21 of the Florida Constitution by impermissibly influencing the jury that convicted him on criminal charges. (*Id*., ¶¶ 10, 44). Specifically, plaintiff contends Sheriff Morgan's practice of greeting prospective jurors and putting a "complimentary face on law enforcement" biased jurors in favor of the prosecution. (*Id.*, ¶ 4). Plaintiff notes his criminal conviction, reached by a jury that met with Sheriff Morgan, was overturned and vacated on appeal. (*Id*., ¶ 32). Plaintiff asserts Alford, Champagne, and Dickey, "by agreement, combined, conspired to assist or promote Morgan's illicit meetings with prospective jurors; through their assistance to Morgan participated or assisted Morgan in his *ex parte*, extra-judicial meetings with prospective jurors, to campaign for votes, to politic, and/or otherwise attempted or influenced prospective jurors to put a complimentary face on law enforcement." (*Id.*, ¶ 44). Plaintiff seeks equitable relief, monetary damages, and attorney's fees. (*Id.,* p. 20-21).

Defendants Alford, Champagne, and Dickey, pursuant to Federal Rule of Civil Procedure 12(b)(6), contend plaintiff's fifth amended complaint fails to state a claim

---

[1] The defendants' motion to dismiss contests whether the fifth amended complaint's general references to "defendants" can refer to Alford, Champagne, and Dickey, as they were joined as parties subsequent to the filing of the complaint. (Doc. 105, p. 5-6). Assuming the references to "defendants" do refer to Alford, Dickey, and Champagne, the undersigned still finds the complaint fails to state a claim for relief against these defendants.

upon which relief can be granted. (Doc. 105). The plaintiff's claims against defendants Morgan and Aiken are not at issue in the motion to dismiss. (*Id.*)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A complaint or counterclaim must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

## DISCUSSION

The thrust of plaintiff's complaint is that defendants Alford, Champagne, and Dickey conspired with Sheriff Morgan to influence the jury that was empaneled in plaintiff's criminal case, thereby denying him a fair trial. Plaintiff alleges:

> Defendants . . . participation in, by agreement, combined, conspired to assist or promote Morgan's illicit meetings with prospective jurors; through their assistance to Morgan participated or assisted Morgan in his *ex parte*, extra-judicial meetings with prospective jurors, to campaign for votes, to politic, and/or otherwise attempted or influenced prospective jurors to put a complimentary face on law enforcement, so

that the prospective jurors could meet with the Sheriff without having contact with law enforcement through a warrant, summons[,] or arrest.

(Doc. 58, ¶ 44).[3]

Plaintiff's complaint does not contain factual allegations sufficient to suggest to a reasonable person that defendants Alford, Champagne, and Dickey participated in, or caused, Sheriff Morgan's allegedly unconstitutional conduct or entered into any conspiracy to do the same. The vast majority of plaintiff's assertions are worded in general terms that do not reference specific actions taken by Alford, Champagne, and Dickey. For instance, the complaint contends, "It was [defendants'] purpose to put a complimentary face on law enforcement, to have influence over the jurors, or alter the prospective jurors perception, or judgment of facts in criminal or civil trials where law enforcement may be called upon to testify." (Doc. 58, ¶ 4). Another example asserts "[d]efendants . . . actions in assisting and making possible Morgan's illicit juror meetings, provided political cover, used county or state resources for political advantage, and attempted, or influenced jurors." (*Id.*, ¶ 45). These conclusory statements are not entitled to an assumption of truth and cannot sustain the complaint. *See Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (*citing Twombly*, 550 U.S. at 557, 127 S. Ct. at 1955)); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009), *abrogated on other grounds by Mohamad v.*

---

[3] One part of plaintiff's complaint suggests others besides Sheriff Morgan may have actually met with the prospective jurors. (Doc. 58, ¶ 21). It is clear from plaintiff's response to the motion to dismiss (doc. 120), however, that plaintiff's claims against defendants Alford, Champagne, and Dickey are predicated on their assistance to Sheriff Morgan. *See* (Doc. 120, p. 4) ("Without defendants agreement and support, Defendant Morgan would not have been able to continue his unlawful conduct which ultimately injured Levitan.").

*Palestinian Authority*, 132 S. Ct. 1702, 182 L. Ed. 2d 720 (2012) ("in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

Plaintiff's fifth amended complaint mentions specific actions by defendants Alford, Champagne, and Dickey on only two occasions. (Doc. 58, ¶¶ 27, 29). In the first instance, plaintiff alleges:

> On October 29, 2010, Gerald Champagne faxed Chief Judge Terrell at the order of Morgan, to outline the facts of Morgan's *ex parte* juror meetings, which included admissions by Morgan that he would identify himself to prospective jurors, hand the jurors his business card and interacts [sic] with the jurors. Champagne on or about November 4, 2010, on orders of Morgan, began a series of letters meant to provide political cover and damage control of Morgan's illegal juror meetings. To do so, Mr. Champagne elicited the assistance of Chief Deputy Aiken, Commander Eric Haines, Darlene Dickey, and Sergeant Ted Roy, in order to justify the beginnings of the cover-up by agreement under the color of their state offices or positions to diminish the illegal conduct by Morgan.

(*Id.*, ¶ 27). The second allegation involves Alford circulating an email notifying Sheriff Morgan and others that the Public Defender made a motion in court to disqualify a jury pool due to Sheriff Morgan meeting with the jurors. (*Id.*, ¶ 29).

Neither of these factual allegations suggests defendants Alford, Champagne, and Dickey denied, or conspired to deny, the plaintiff his rights. *See Myers v. Bowman*, 713 F.3d 1319, 1332 (11th Cir. 2013) ("To sustain a conspiracy action under section 1983, 'the plaintiff must prove that the defendants reached an understanding to deny the plaintiff's rights.'" (*quoting Hadley v. Gutierrez*, 526 F.3d 1324, 1332 (11th Cir. 2008))). First, it is unclear what actions plaintiff alleges Champagne and Dickey actually took to conceal Morgan's meetings with jurors and

"diminish the illegal conduct." (*Id.,* ¶ 27).  Second, plaintiff fails to indicate what connection Champagne's actions had to influencing jurors.  Champagne's fax to Chief Judge Terrell, which disclosed Sheriff Morgan's interactions with jurors, actually suggests there was no cover-up or conspiracy to violate plaintiff's rights.

Defendant Alford's email informing others that the Public Defender moved to disqualify jurors also does not indicate the defendants conspired to violate plaintiff's rights.  Alford merely relayed information to his coworkers concerning an event in the courtroom. The undersigned does not see at all how the mere relay of such information is indicative of wrongdoing.

In sum, plaintiff's complaint does not plead facts which plausibly suggest that defendants Alford, Champagne, and Dickey, as individuals or in a conspiracy with Sheriff Morgan, denied plaintiff's right to a fair trial. The factual allegations do not indicate Alford, Champagne, and Dickey were active participants in the juror meetings, nor do they indicate these defendants reached an agreement with Sheriff Morgan to violate plaintiff's rights.

## CONCLUSION

After discrediting plaintiff's conclusory statements, two factual allegations against defendants Alford, Dickey, and Champagne remain.  These allegations do not identify conduct from which one can reasonably infer an agreement to violate plaintiff's rights.  *See Twombly*, 550 U.S. at 570, 127 S. Ct. at 1970 ("[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.").  Therefore, the complaint should be dismissed as to defendants Alford, Dickey, and Champagne.

Accordingly, it is ORDERED:

1. Plaintiff' motion to file response in opposition to defendants' motion to dismiss (doc. 119) is GRANTED to the extent plaintiff's response (doc. 120) has been considered.

2. Plaintiff's motion to strike references in pleadings and motions as to defendant Dickey (doc. 121) is DENIED.

And it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 105) be GRANTED.

2. That plaintiff's claims against defendants Alford, Champagne, and Dickey be DISMISSED WITH PREJUDICE.

At Pensacola, Florida this 1st day of October, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).